# EXHIBIT A

Case 2:26-cv-02312-SiL   Document 1-2   Filed 04/17/26   Page 2 of 15 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------X

DB INSURANCE CO., LTD. a/s/o ALEXANDER HOUSE
CONDOMINIUM & ALEXANDER HOUSE RESIDENCE,
INC.

                                   Plaintiff,

          v.

CUNGEN YE/FIRSTPOWER and AMAZON.COM,
INC.

                                   Defendants.

-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Nassau
County as the place of trial.

The basis of venue is the
principal residence of the
Plaintiff.

To the above-named Defendant(s):

     *YOU ARE HEREBY SUMMONED, to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally served upon you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.*

Dated:  March 3, 2026
        New York, New York

DERREVERE STEVENS BLACK & COZAD

By: _____
     Marc P. Madonia, Esq.
     270 Madison Avenue, Suite 1403
     New York, NY 10016
     Telephone: (212) 671-8313
     Facsimile: (561) 640-3050
     mpm@derreverelaw.com

**Defendant's address**:

CUNGEN YE/FIRSTPOWER
13855 Ramona Avenue
Chino, CA 91719

1 of 14

Case 2:26-cv-02312-SiL    Document 1-2    Filed 04/17/26    Page 3 of 15 PageID #: 12

AMAZON.COM, INC.
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------X

DB INSURANCE CO., LTD. a/s/o ALEXANDER HOUSE
CONDOMINIUM & ALEXANDER HOUSE RESIDENCE,
INC.

                          Plaintiff,

      v.

CUNGEN YE/FIRSTPOWER, and AMAZON.COM,
INC.

                          Defendants.

-------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, DB INSURANCE CO., LTD. a/s/o ALEXANDER HOUSE CONDOMINIUM & ALEXANDER HOUSE RESIDENCE, INC., by and through its attorneys, DERREVERE, STEVENS, BLACK AND COZAD, as and for a Complaint against Defendant, upon information and belief, hereby alleges the following:

**PARTIES**

1.      At all relevant times, Plaintiff DB INSURANCE CO., LTD. (hereinafter "Plaintiff") was and is a foreign corporation with a principal place of business located at 222 S. Harbor Blvd. Anaheim, CA 92805.

2.      At all relevant times, Plaintiff's subrogor, ALEXANDER HOUSE CONDOMINIUM & ALEXANDER HOUSE RESIDENCE, INC., (hereinafter "Insured"), was and is a corporation with a principal place of business located at 107 7th Street, Garden City, New York.

3.      At all relevant times, Plaintiff issued a policy of insurance to Insured bearing policy number NBP 14204XXXX (hereinafter "the Policy").

4.      At all relevant times, Defendant CUNGEN YE/FIRST POWER (hereinafter "Defendant FirstPower") was a foreign corporation with a principal place of business located at

Case 2:26-cv-02312-SIL    Document 1-2    Filed 04/17/26    Page 5 of 15 PageID #: 14

13855 Ramona Avenue, Chino, CA 91719, and it and was regularly conducting business in the State of New York.

5.    At all relevant times, Defendant, FirstPower, was in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing batteries, including the defective battery at issue in this case that caused the fire and damages.

6.    At all relevant times, Defendant AMAZON.COM, INC. (hereinafter "Amazon") was a domestic corporation with a principal place of business located at 410 Terry Ave N, Seattle, WA 98109.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction pursuant to CPLR §§ 301 and 302.

8.    Defendants purposefully placed a defective product into the stream of commerce, knowing and intending it would be sold and used in the State of New York.

9.    Venue is proper in Nassau County pursuant to CPLR § 503 because the loss occurred here.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.    Prior to April 20, 2023, Defendants designed, manufactured, assembled, tested, inspected, marketed, sold, distributed and placed into the stream of commerce a defective FirstPower 4.0 Ah V6 battery ("subject product"), with all accompanying component parts; said product being intended for use by consumers for the ordinary purpose associated therewith.

11.    Prior to April 20, 2023, the subject product battery was used without incident in a normal, ordinary and intended manner.

12.    On or about April 20, 2023, a fire originated in a closet inside Unit 1 of the Residential Co-Op, which is located in the Insured's building (hereinafter "Premises").

Case 2:26-cv-02312-SiL    Document 1-2    Filed 04/17/26    Page 6 of 15 PageID #: 15

13. On or about April 20, 2023, the fire originated in the Premises with electrical arcing as the heat source from a FirstPower replacement lithium-ion battery, used as a substitute battery for a Dyson vacuum, which failed, overheated, and ignited.

14. Upon information and belief, the FirstPower lithium-ion battery was purchased through Defendant Amazon, Defendant Amazon was a seller and/or distributor of the battery, and Defendant FirstPower was the designer, manufacturer, seller and/or distributor of the subject product.

15. The fire damaged the subrogors' real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

16. At all times material hereto, the subject product battery was not modified, changed, altered or abused by the subrogors or other users prior to or during its use.

17. At all times material hereto, the Defendants intended that the battery would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said battery would be utilized and was utilized in this case.

18. Defendants placed into the stream of commerce the aforesaid subject product battery, including its component parts, in a dangerous and defective condition as it was defective at the time of sale and failed due to a defect and/or malfunction and caused damages.

19. As a result of the acts and/or failures to act of Defendants, a fire occurred in the Unit which damaged the Premises.

20. As a result of the product provided by Defendants, Insured and Plaintiff, by way of subrogation, sustained damages in an amount in excess of ONE HUNDRED AND SIXTY-THREE

THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), inclusive of the deductible, and exclusive of interest and costs of this action.

## AS AND FOR A FIRST CAUSE OF ACTION NEGLIGENCE

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "20" inclusive, with the same force and effect as though fully set forth herein.

22. Defendants owed a duty to Insured and Plaintiff, by way of subrogation, to design, manufacture, assemble, test, inspect, market, sell and distribute reasonably safe batteries so as to prevent damage to the Premises.

23. Defendants owed a duty to Insured and Plaintiff, by way of subrogation, to properly safeguard against any anticipated and/or foreseeable risks related to the products Defendants sold in a manner that would not create a dangerous condition and/or increase the risk of harm to the Premises.

24. The aforementioned damages were the direct and proximate result of the negligent and careless conduct and/or acts or omissions of Defendants, by and through their employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically failing to exercise reasonable care described as follows:

a. failing to design, manufacture, inspect, test, assemble, distribute and/or market a properly functioning and defect-free product, which, after reasonable and foreseeable use, malfunctioned and caused the damages at issue with no reasonable secondary cause;

b. failing to properly design, manufacture, inspect, test, assemble, distribute and/or market the subject product, including but not limited to its component parts, free from defect;

Case 2:26-cv-02312-SjL Document 1-2 Filed 04/17/26 Page 8 of 15 PageID #: 17

c. failing to properly determine that the subject product, including but not limited to its component parts, were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

d. designing, manufacturing, inspecting, testing, assembling, distributing and/or marketing the subject product when it knew or should have known that the subject product was unsafe and unfit for its intended use;

e. designing, manufacturing, inspecting, testing, assembling, distributing and/or marketing the subject product when it knew or should have known that the subject product would be inadequate for the reasons for which it was purchased;

f. designing, manufacturing, inspecting, testing, assembling, distributing and/or marketing the subject product which had unreasonably dangerous components, that caused the subject product to catastrophically fail and/or malfunction;

g. designing, manufacturing, inspecting, testing, assembling, distributing and/or marketing a dangerously defective subject product that Defendants knew or reasonably should have known exposed users, such as Plaintiff to an unreasonable risk of harm;

h. failing to properly and adequately design, manufacture, inspect, test, assemble, market, sell, distribute and/or test the subject product, and its component parts, prior to introducing it into the stream of commerce;

i. failing to provide adequate and sufficient warnings and instructions with respect to the subject product, which rendered it defective and unreasonably dangerous; and

j. designing, manufacturing, inspecting, testing, assembling, distributing and/or marketing the subject product in a defective condition because the subject product did not contain

proper components, rendering it hazardous and dangerous for its contemplated and intended use;

k. negligently designing and manufacturing the subject battery in such a way that it failed catastrophically and resulted in the subject fire;

l. negligently failing to provide any warnings and/or necessary and adequate warnings of the risk of fire associated with the use of the subject battery.

25. The above-mentioned duties of the Defendants were non-delegable.

26. As a result of the actions and failures to act by Defendants, a fire originated in the Premises and caused damage to the Premises.

27. The above-mentioned damage to the Premises was the direct and proximate result of the above-mentioned breaches of duties of care by Defendants and was the direct and proximate result of negligence *per se*, carelessness, recklessness and/or negligent acts and/or omissions of Defendants.

28. The damages suffered by Insured and Plaintiff, by way of subrogation, do not ordinarily occur in the absence of negligence.

29. The damages suffered by Insured and Plaintiff, by way of subrogation, were not due to any voluntary action and/or contribution on the part of Insured and/or Plaintiff.

30. Plaintiff will also rely upon *res ipsa loquitor*.

31. As a direct and proximate result of the aforesaid acts of negligence, negligence *per se*, carelessness, recklessness and/or negligent acts and/or omissions of Defendants, the subject incident occurred and caused Plaintiff, by way of subrogation, to sustain damages in the amount of ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-

FOUR DOLLARS AND NO CENTS ($163,494.00), inclusive of the Deductible, and exclusive of interest and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), together with pre-judgment and post-judgment interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**GROSS NEGLIGENCE, RECKLESSNESS,**
**AND WILLFUL AND WANTON MISCONDUCT**

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "31" inclusive, with the same force and effect as though fully set forth herein.

33. Defendants' conduct demonstrated reckless disregard for the safety of consumers, including failure to address known subject product battery fire risks.

34. As a direct and proximate result of gross negligence, recklessness and/or willful and wanton misconduct by Defendants, the subject incident occurred and Plaintiff, by way of subrogation, suffered damages in the amount of ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), inclusive of the Deductible, and exclusive of interest and costs of this action, exclusive of interest and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), together with

Case 2:26-cv-02312-SiL    Document 1-2    Filed 04/17/26    Page 11 of 15 PageID #: 20

pre-judgment and post-judgment interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

### AS AND FOR A THIRD CAUSE OF ACTION TRESPASS

35.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "34" inclusive, with the same force and effect as though fully set forth herein.

36.     Defendants' defective product caused an unlawful physical invasion of the Insureds' property by fire, smoke, and heat.

37.     As a direct, proximate and foreseeable result of the above-described incident, Defendants committed or allowed a trespass to occur at the Premises, which trespass caused Insured and Plaintiff, by way of subrogation, to suffer damages in an amount of ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), inclusive of the Deductible, and exclusive of interest and costs of this action, exclusive of interest and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), together with pre-judgment and post-judgment interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

### AS AND FOR A FOURTH CAUSE OF ACTION NUISANCE

38.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "37" inclusive, with the same force and effect as though fully set forth herein.

Case 2:26-cv-02312-SIL    Document 1-2    Filed 04/17/26    Page 12 of 15 PageID #: 21

39.    As a direct, proximate, and foreseeable result of the above-described incident, Defendants committed or allowed a nuisance to occur, which nuisance caused Insured and Plaintiff, by way of subrogation, to suffer damages in an amount of ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), inclusive of the Deductible, and exclusive of interest and costs of this action, exclusive of interest and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), together with pre-judgment and post-judgment interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AS TO DEFENDANT CUNGE YE /FIRST POWER:
### STRICT PRODUCTS LIABILITY

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as though fully set forth herein.

41.    Defendant designed, manufactured, supplied and/or distributed into the stream of commerce defective and unreasonably dangerous products posing an extreme and unreasonable risk of fire ignition and damage to users and consumers, including Insured and Plaintiff, by way of subrogation.

42.    The subject product was defectively designed and/or manufactured, including inadequate internal safeguards against thermal runaway.

43.    The subject product was placed into the stream of commerce with the expectation

Case 2:26-cv-02312-SfL    Document 1-2    Filed 04/17/26    Page 13 of 15 PageID #: 22

that they could be used in residential properties.

44.     The subject product was not modified, changed, and/or abused by Insured and/or other users of same at the Premises.

45.     Defendant failed to provide adequate warnings or instructions regarding fire risk.

46.     As a direct and proximate result of the defective condition of the lithium battery, Insured and Plaintiff, by way of subrogation, suffered substantial losses, for which Defendants are strictly liable in tort.

47.     As a direct and proximate result of Defendants' negligent acts and/or omissions, Insured and Plaintiff, by way of subrogation, sustained damages in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00).

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), together with pre-judgment and post-judgment interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS: BREACH OF WARRANTY

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as though fully set forth herein.

49.     At the time of the sale and/or distribution of the subject product battery, Defendants had reason to know the particular purpose to which the subject product would be used

Case 2:26-cv-02312-SíL    Document 1-2    Filed 04/17/26    Page 14 of 15 PageID #: 23

(i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, Defendants breached the implied warranty of fitness for a particular purpose as set out in the New York Uniform Commercial Code Law § 2-315 (hereinafter "UCC") in that the subject product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

50.     Defendants breached its implied warranty of merchantability as set out in NY Uniform Commercial Code (UCC) § 2-314(2)(c) in that the subject product was not fit for the ordinary uses for which the subject product was used. By supplying the subject product, Defendants impliedly warranted that the subject product was fit for the ordinary purposes for which it was intended and was of good and merchantable quality.

51.     Defendants breached their respective express and/or implied warranties by supplying a product unfit for its ordinary purposes, in that the subject product posed a substantial and unreasonable risk of fire ignition and consequent damage to purchasers, users, property owners and/or consumers, including Insured and Plaintiff, by way of subrogation.

52.     As a direct and proximate result of the defective condition of the subject product, Insured and Plaintiff, by way of subrogation, suffered substantial losses, for which Defendants are liable in tort.

53.     As a direct and proximate result of Defendants' negligent acts and/or omissions, jointly and severally, Insured and Plaintiff, by way of subrogation, sustained damages in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00).

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount not less than ONE HUNDRED AND SIXTY-THREE THOUSAND FOUR

HUNDRED AND NINETY-FOUR DOLLARS AND NO CENTS ($163,494.00), together with

pre-judgment and post-judgment interest, legal fees, costs, expenses, disbursements and such

other relief as the Court deems proper.

Dated: March 3, 2026
New York, New York

DERREVERE STEVENS BLACK & COZAD

By:_____
Marc P. Madonia, Esq.
270 Madison Avenue, Suite 1403
New York, NY 10016
Telephone: (212) 671-8313
Facsimile: (561) 640-3050
mpm@derreverelaw.com

TO:    CUNGEN YE/FIRSTPOWER
13855 Ramona Avenue
Chino, CA 91719

AMAZON.COM, INC.
c/o Secretary of State